Dear Mr. Ponder:
This office is in receipt of your request for an opinion of the Attorney General in regard to election matters. You indicate the Metropolitan Council of the Parish of East Baton Rouge adopted a resolution on August 22, 2001 authorizing an election within the parish on November 17, 2001 for continuing the parish's ½% sales and use tax for road and street improvement purposes. The proposition which was submitted at the 2001 special election provided for the rate, object and purpose for which the road tax was to be levied, and the duration of said road tax was to provide 40% for repair and improvement of public roads and streets, including the necessary engineering services and related improvements, including drainage on a priority basis within the Cities of Baton Rouge, Baker and Zachary, and 60% for the widening and improvement of existing public roads and streets and/or construction of new public roads and streets in the City of Baton Rouge and the parish "as more specifically described in the Parish's Road and Streets Improvements Plan dated Sept. 12, 2001."
The plan was submitted at the council's August 22, 2001 meeting but not approved until its next regularly scheduled meeting of September 12, 2001. On August 23, 2001 the council caused a certified copy of the resolution as follows to be forwarded to the Louisiana State Bond Commission:
 A RESOLUTION ORDERING AND CALLING A SPECIAL ELECTION TO BE HELD IN THE PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, ON NOVEMBER 17, 2001, FOR THE PURPOSE OF AUTHORIZING THE CONTINUATION OF THE EXISTING ONE-HALF OF ONE PERCENT (½%) SALES AND USE TAX THEREIN, AND THE LEVY AND COLLECTION THEREOF; MAKING APPLICATION TO THE LOUISIANA STATE BOND COMMISSION; AND PROVIDING FOR OTHER MATTERS IN CONNECTION THEREWITH.
It requested approval of said election in accordance with the laws of the state at the September 20, 2001 meeting of the Louisiana State Bond Commission. At this meeting, the State Bond Commission approved the request of the council to hold the election on November 17, 2001, and the proposition was published in the Baton Rouge newspaper in accordance with the requirements of the Election Code.
In your first question you ask "whether the adoption of the Resolution by the Metropolitan Council on a date prior to the adoption of the Plan by the Metropolitan Council is in compliance with the requirements of Section 1284 of the Election Code, specifically, does the Resolution and Proposition submitted to the voters on November 17, 2001 sufficiently state the rate, object and purpose for which the tax is to be levied?"
Without answering your first question as to the sufficiency of the resolution and proposition, we find the provisions of R.S. 18:1294
significant in providing the following:
 For sixty days after promulgation of the results of an election held under this Chapter to_incur debts, issue bonds, levy or increase a tax or assume debt, any person in interest may contest the legality of the election, the bond issue provided for, the tax authorized, or the assumption of indebtedness for any cause. After that time no one shall have any cause or right of action to contest the regularity, formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. If the validity of any election, tax, debt assumption, or bond issue authorized or provided for is not raised within the sixty days, the authority to incur or assume debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay the same shall be conclusively presumed to be valid, and no court shall have authority to inquire into such matters. (Emphasis added.)
Accordingly, the legality of the election and tax provisions cannot now be questioned.
Further, you indicate the proposition, by incorporating the provisions of the plan, specifically provided for the construction of the Comite Drive improvement, consisting of the reconstruction of Comite Drive from a substandard two-lane open ditch roadway to a three-lane which included a turn lane, concrete curb and gutter street with subsurface drainage and sidewalks from Plank Road to the Comite River.
Your second question is in this regard insofar as you ask "whether the construction of the sidewalks and/or the center turn lane must be constructed, or does the Metropolitan Council have the authority to change the scope of the project after the voters have specifically authorized said project?"
In response to your second question, we would have to conclude that there could not be any change after the voters' approval of the proposition tied to the streets improvement plan. It is our opinion that use of the dedicated taxes would have to be in accord with the plan. It cannot include matters not set forth in the plan, but on the other hand, it must be assumed that the vote was to include all projects in the plan. To eliminate some aspect would be in contravention of the vote.
This office stated in Atty. Gen. Op. 98-421 that the sales tax proceeds therein could only be used in accordance with the terms of the Road and Street Improvements Plan as required by the tax proposition quoted therein, and if the plan requires construction in a specific manner, "the proceeds of the tax generated by the proposition referred to herein must be used for construction of the North Boulevard project in the manner described in the Plan." As to whether the overpass structure in the plan could be abandoned and the proceeds used to proceed with a different North Boulevard project, this office opined, "This office has consistently determined that sales and use tax revenues must be used in accordance with the will of the electorate as set forth in the proposition." It then further stated, "If the Plan is to go forward, and if the Plan requires construction on the North Boulevard Project in a specific manner, then it is our opinion that the proceeds of the tax generated by the proposition referred to herein must be used for construction of the North Boulevard project in the manner described in the Plan."
It would follow that with an election for reallocation of the sales tax, it all must be utilized as set forth in the plan connected with the proposition approved by the voters.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Received:
Date Released: October 14, 2003